**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.**

**KEVIN XAVIER KNIGHT,**

      Plaintiff,

v.

**ALLIANCEONE RECEIVABLES**
**MANAGEMENT INC,**

      Defendant.

_____/

## <u>COMPLAINT JURY TRIAL DEMANDED</u>

Plaintiff Kevin Xavier Knight ("Plaintiff") sues AllianceOne Receivables Management Inc ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72 *et seq.*

## <u>JURISDICTION AND VENUE</u>

1.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained-of conduct occurred here.

## <u>PARTIES</u>

3.      Plaintiff is a natural person and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.      Defendant is a Delaware Corporation, with its principal place of business located in Plymouth Meeting, Pennsylvania.

5.      Defendant is engaged in the business of soliciting consumer debts for collection and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6.      Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency," License No. CCA9904298.

7.      Defendant maintains all records required by Rule 69V-180.080, Florida Administrative Code, and keeps such records current within one week of the current date.

## DEMAND FOR JURY TRIAL

8.      Plaintiff respectfully demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

9.      Under Florida law, an injured worker is not liable for the cost of medical care provided under the workers' compensation statute.

10.     Florida Statute § 440.13(3)(g) provides: "The employee is not liable for payment for medical treatment or services provided pursuant to this section except as otherwise provided in this section."

11.     Florida Statute § 440.13(13)(a) further states: "A health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employer or carrier for payment for services rendered in accordance with this chapter."

12.     Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

13.     An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment.

14.     At all times material, Plaintiff was an employee of PTE Systems International, LLC.

15.     On February 13, 2025, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Work-Injury").

16.     As detailed in the initial Petition for Benefits submitted by Plaintiff with the Office of the Judges of Compensation Claims ("OJCC"), "claimant was injured while putting a cable into a foundation pole while at work." *See* OJCC Case Number 25-015286MGK.

17.     On February 13, 2025, Jackson Memorial Hospital  ("Care Provider") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury, whereby the only medical services provided to Plaintiff by Care Provider were for the treatment of the Work-Injury.

18.     At the time Care Provider provided its respective medical services to Plaintiff, Plaintiff informed Care Provider that the sought treatment was for the Work-Injury.

19.     Care Provider charged a fee for the provision of its respective medical services for treatment of the Work-Injury (the "Consumer Debt").

20.     The Consumer Debt arose from Plaintiff's work-related accident and injuries.

21.     Despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, Care Provider contacted Defendant to collect, or attempt to collect, the Consumer Debt from Plaintiff.

22. On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

23. Defendant is a business entity engaged in the business of soliciting consumer debts for collection and collecting consumer debts.

24. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

25. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

26. Defendant's "Consumer Collection Agency" license number is CCA9904298.

27. For Defendant's license to remain valid, Defendant is required to maintain, at minimum, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

28. Rule 69V-180.080(3)(e) commands that Defendant shall maintain "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

29. Rule 69V-180.080(9)(a)-(b) commands that Defendant shall maintain "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

30. Defendant, by way of the records which it is required to maintain to retain a valid Consumer Collection Agency license, knew that the Consumer Debt arose from the treatment of the Work-Injury and otherwise knew that it (Defendant), as well as Care Provider, did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff.

31.     Defendant knew that the Consumer Debt arose solely from medical treatment rendered for workplace injuries and that Plaintiff is not personally liable for these debts under Florida's Workers' Compensation Law.

32.     This knowledge came directly from the very records Defendant is legally required to obtain, maintain, and review as a licensed Florida Consumer Collection Agency under Rule 69V-180.080, Florida Administrative Code.

33.     Those mandatory records include documentation of the debt provided by the creditor and basic information about the debt, both of which expressly identified the medical services as treatment for a work-related injury, the date of the accident, and the fact that the employer or carrier is responsible for payment.

34.     Despite having this information in its possession and despite the clear statutory prohibitions in Fla. Stat. §§ 440.13(3)(g) and 440.13(13)(a), Defendant deliberately chose to send collection demands demanding payment from consumers who are statutorily insulated from liability.

35.     Defendant maintained no policies, procedures, training, screening processes, verification checklists, or quality-control measures reasonably adapted to avoid the specific violation of attempting to collect debts that Florida law prohibits collecting from injured workers.

36.     On a date better known to Defendant, Defendant sent a collection letter, internally dated February 25, 2026, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt.

37.     A copy of the Collection Letter is attached hereto as Exhibit "A."

38.     The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

39.     The Collection Letter represents an action to collect a debt by Defendant.

40.     Plaintiff received and reviewed the Collection Letter.

41.     Upon reading the Collection Letter and realizing it demanded payment for medical services rendered for Plaintiff's workplace injury—a debt Plaintiff is not legally responsible for—Plaintiff became visibly upset and emotionally distraught, ultimately having to sit due to Plaintiff's visceral reaction the Collection Letter.

42.     In addition to the stress of the original workplace injury, the Collection Letter subjected Plaintiff to further undue pain and suffering by way of unlawful debt collection.

43.     The Collection Letter wasted Plaintiff's time.

44.     The Collection Letter caused Plaintiff to waste more than two hours of time which, had Plaintiff not received the Collection Letter, would not have been wasted.

45.     Plaintiff wasted at least five minutes reading and reviewing the Collection Letter.

46.     Plaintiff wasted ten minutes reeling in immediate response Collection Letter

47.     Plaintiff wasted more than thirty minutes trying to understand why Plaintiff was the target of wrongful and otherwise unlawful collection activity.

48.     Plaintiff wasted more than fifteen minutes deliberating what to do about the Collection Letter on at least three separate occasions.

49.     Plaintiff wasted more than thirty minutes providing a copy of the Collection Letter to Plaintiff's worker's compensation attorney.

50.     The Collection Letter caused Plaintiff to incur costs and other expenses in the confines of Plaintiff's worker's compensation case, of which would not have been incurred had either the Care Provider or Defendant sought repayment of the Consumer Debt from PTE Systems International, LLC or PTE Systems International, LLC's worker compensation insurance carrier.

51.     At minimum, all such wasted time would have been completely avoided had Defendant not sent the Collection Letter to Plaintiff—but such is not the case—and the time Defendant caused Plaintiff to waste cannot be undone.

52.     More importantly, the Collection Letter inflicted frustration, pain, confusion, and distrust, as well as emotional turmoil, onto Plaintiff, which compounded what Plaintiff endured due to the Work-Injury.

53.     The Collection Letter caused Plaintiff to lose sleep at night on at least three separate occasions, lying awake worrying about potential credit damage, wage garnishment, and further collection activity.

**COUNT 1**
**<u>VIOLATION OF 15 U.S.C. § 1692e and § 1692e(2)(A)</u>**

54.     Plaintiff incorporates by reference ¶¶ 5-7 and ¶¶ 9-53 as though fully stated herein.

55.     Section 1692e of the FDCPA provides "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Subsection (2)(A) prohibits "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

56.     As stated above, Defendant sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter falsely represents that Plaintiff is responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by Care Provider, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

57.     Defendant by and through the Collection Letter, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

58.     Further, by and through the Collection Letter, Defendant *falsely* represents the amount of the Consumer Debt, *in that*, the amount sought by the Collection Letter exceeds the amount which Care Provider is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers such as Plaintiff.

59.     Thus, by and through the Collection Letter, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

60.     WHEREFORE, Plaintiff, respectfully requests this Court to enter judgment against Defendant, awarding the following relief:

a.     Statutory damages as provided by 15 U.S.C. § 1692k;

b.     Actual damages as provided by 15 U.S.C. § 1692k;

c.     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

d.     Any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**VIOLATION OF FLA. STAT. § 559.72(9)**

61.     Plaintiff incorporates by reference ¶¶ 5-7 and ¶¶ 9-53 as though fully stated herein.

62.     Florida Statute § 559.72(9) renders it unlawful for any person to "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

63.     Defendant knew—by virtue of the documentation it is required to maintain under Rule 69V-180.080, Florida Administrative Code—that the debt it sought to collect arose from treatment of a workplace injury and, thus, not the financial responsible of Plaintiff. Despite this knowledge, Defendant sent the Collection Letter to enforce the debt against Plaintiff. Defendant

thereby claimed, attempted, or threatened to enforce a debt it knew was not legitimate, as well as asserted a legal right it knew did not exist.

64.     By and through the Collection Letter, Defendant violated Fla. Stat. § 559.72(9). Defendant's violation was knowing and intentional and was not the result of any bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such violations.

65.     WHEREFORE, Plaintiff, respectfully requests this Court to enter judgment against Defendant, awarding the following relief:

a.     Statutory damages as provided by Fla. Stat. § 559.77(2);

b.     Actual damages as provided by Fla. Stat. § 559.77(2);

c.     Costs and reasonable attorneys' fees pursuant Fla. Stat. § 559.77(2);

d.     Any other relief that this Court deems appropriate under the circumstances.

DATED: April 27, 2026

Respectfully Submitted,

 /s/ Talal Rashid
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail:     Talal@pzlg.legal
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:     Tom@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:     305-332-6201

*COUNSEL FOR PLAINTIFF*